UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD THOMAS and WENDY THOMAS h/w | Case Number |
| Plaintiff | CIVIL COMPLAINT |
| vs. | |
| I.C. SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiffs, Richard Thomas and Wendy Thomas, h/w, by and through their undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I. INTRODUCTORY STATEMENT

1. Plaintiffs, Richard Thomas and Wendy Thomas, h/w, (hereinafter "Plaintiffs"), individual consumers, bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiffs, Richard Thomas and Wendy Thomas, are adult natural persons residing at 2527 SE 25th Place, Cape Coral, Florida 33904.

5. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

6. Defendant, I.C. Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Florida with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

8. In and around early November 2009, Plaintiffs began receiving calls to their home from the Defendant regarding an alleged debt owed to Bank of America.

9. Defendant has also called Plaintiff, Mr. Thomas', cell phone regarding the alleged debt.

10. Defendant's agents ask to speak with "Richard Thomas" when they call Plaintiffs residence. In response, Mrs. Thomas, will ask whom she is speaking with and where they are calling from. Most agents will give their name and then end the telephone conversation.

11. Plaintiffs have never received anything in writing from the Defendant as of the filing of this complaint.

12. Plaintiffs have informed Defendant and their agents that they are being represented by Persels & Associates and that they need to speak with them directly. Defendant told Plaintiff that they will not work with a third party.

13. On or about November 19, 2009, Persels & Associates sent a cease and desist letter to the Defendant informing them that they had been retained to help the Plaintiff in settling her debts and that they needed to immediately cease any further contact with the Plaintiff. **See Exhibit "A" attached hereto.**

14. Defendant continues to call the Plaintiffs looking for payment on the alleged balance due in this matter. Defendant still refuses to work with Persels to negotiate payment terms on the Plaintiff's behalf.

15. On or about December 3, 2009, Plaintiff received another call from Defendants at their home. **See Exhibit "B" attached hereto.**

16. On or about December 22, 2009, Plaintiff received yet another call from Defendants at their home. Defendant's agent would not give their name. **See Exhibit "C" attached hereto.**

17. On or about December 29, 2009, Plaintiff received another call from Defendants at their home. Defendant's agent, "Wendy" asked to speak with Mr. Thomas and would not say what the call was in reference to. **See Exhibit "D" attached hereto.**

18. On or about December 29, 2009, Persels & Associates sent a second cease and desist letter to the Defendant to immediately cease any further contact with the Plaintiff. **See Exhibit "E" attached hereto.**

19. Plaintiff, husband has record of Defendant calling his cell phone on numerous occasions after Persels & Associates sent out a cease and desist letter.

20. On or about December 31, 2009, Persels & Associates sent a third cease and desist letter to the Defendant to immediately cease any further contact with the Plaintiff. **See Exhibit "F" attached hereto.**

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiffs in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692b(1): Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting location information

§ 1692b(3):   Contact of Third Party: Contacted a person more than once, unless requested to do so

§ 1692b(6):   Contact of Third Party: After knowing the consumer is represented by an attorney

§ 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(c):   After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692d(6):   Place telephone calls without disclosing his/her identity

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:   Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, I.C. Systems, Inc. and Order the following relief:

a.   Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: January 13, 2010**    BY: /s/Brent F. Vullings

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff